United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-51621
No. 06-50409
(Summary Calendar)
_____

PAUL GALLASPY,

Plaintiff-Appellant

versus

RAYTHEON TECHNICAL SERVICES COMPANY,
doing business as RAYTHEON CO., doing
business as PATRIOT OVERSEAS SUPPORT
COMPANY,

Defendant-Appellee

---------------------
Appeal from the United States District Court
for the Western District of Texas
(3:04-CV-12)
---------------------

Before SMITH, WIENER and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Paul Gallaspy brought suit against his employer, Defendant-Appellee Raytheon, asserting that racial animus was a reason for Raytheon's adverse employment action in terminating or not renewing Gallaspy's assignment as an adviser to the United States Army in Korea, relegating him instead to a less

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lucrative and less desirable position in the United States. Gallaspy argues that Raytheon treated him disparately because of his race, in violation of Title VII, 42 U.S.C. § 2000(e) et seq. This appeal follows the district court's grant of Raytheon's motion for judgment as a matter of law at the conclusion of Gallaspy's case-in-chief. We affirm.

Although, on appeal, Gallaspy fully and correctly explicates the procedural minuet developed in McDonnel-Douglas and its progeny that is applicable in discrimination cases devoid of direct evidence of discrimination, his case had advanced beyond the usual Rule 12(b)(6) and summary judgment stages, at which the McDonnel-Douglas methodology is usually applied; his case had proceeded to trial. Thus, the prima facie case/legitimate non-discriminatory reason/pretext rubric so extensively addressed by Gallaspy on appeal had become essentially inapposite: Beyond the preliminary phases of dismissal under Rule 12(b)(6) or summary judgment, those alternating burdens of producing or going forward with the evidence for the most part become anachronisms, and the case proceeds to a trial on the customary burden of proof rules. At that point, an employment discrimination case under Title VII based on, inter alia, racial discrimination (as is Gallaspy's) proceeds as does virtually any civil trial, with the plaintiff being required to prove the elements of his case by a preponderance of the evidence — here that (1) he is a member of a protected class, (2) an adverse employment action was taken against him which favored a

2

member of a non-protected class or a less qualified member of the protected class, <u>and</u> (3) racial animus was a motivating factor of the adverse employment action taken.

Our review of the briefs of the parties and the record on appeal satisfies us that, in his case-in-chief, Gillaspy, a black, failed to adduce probative evidence that the actions of Raytheon's white supervisors taken against him in the adverse employment action complained of (if, indeed, it was they and not Army personnel who made the decision) was motivated, even in part, by racial animus. Gallaspy proved his membership in a protected class, proved that he was replaced in Korea by a white of inferior experience, ability, and evaluations, and proved that Raytheon's action in recalling him to the United States and prohibiting his return to Korea constituted an adverse employment action. But the record contains no evidence or reasonable inferences that any animosity conceivably harbored by Raytheon personnel against Gallaspy contained a racial component at all. Even if the evidence that the trial court excluded — a purported statement by a Raytheon supervisor to the effect that Raytheon had been out to terminate Gallaspy for ten years — had been admitted, it might have proved favoritism or personal animosity, but not <u>racial</u> animus.

In the end, we agree with the district court that the case presented by Gallaspy at trial is devoid of evidence, or any reasonable inferences to be made from it, on which the jury could

have reasonably concluded that Raytheon's adverse employment action against Gallaspy was, in whole or in part, motivated by racial animus or discrimination. We are also satisfied that the district court did not abuse its discretion in excluding the statement that one of Raytheon's supervisors had allegedly made about trying to get rid of Gallaspy. We conclude that no rulings of the district court, including the quantum of its award of costs to Raytheon, constituted reversible error. Accordingly, the court's rulings and its take-nothing judgment are, in all respects,

AFFIRMED.